1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

RICHARD KINGSBERRY, individually and
on behalf of all others similarly situated,

11                                                      Case No. C07-5706RBL

12          Plaintiffs,

                                                        ORDER
13          v.

14  CHICAGO TITLE INSURANCE
    COMPANY,
15
            Defendant.
16

17          THIS MATTER comes before the above-entitled Court on Defendant's Motion to Amend

18  Judgment [Dkt. #55] and Plaintiff's Motion for Leave to File Amended Complaint [Dkt. #57].  The Court

19  has reviewed the materials submitted in support of, and in opposition to, each motion.  Oral argument is

20  not necessary to resolve the issues before the Court.  For the following reasons, Defendant's Motion to

21  Amend Judgment [Dkt. #55] is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff's Motion for

22  Leave to File Amended Complaint [Dkt. #57] is **GRANTED IN PART AND DENIED PART.**

23                                        **DISCUSSION**

24          The facts and underlying legal issues presented by this case are well-known and familiar to the

25  parties and will not be repeated here.  On October 10, 2008 this Court granted Plaintiff's Motion to

26  Dismiss Plaintiff's RESPA (Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et. seq.) claim.  [Dkt.

27  #54].  Pursuant to the Court's Order, the Court declined to accept supplemental jurisdiction over  state law

28  claims which plaintiff included with the RESPA claim in his complaint [Dkt. #1].  The parties now

acknowledge that plaintiff's complaint asserted an independent basis for federal jurisdiction under the Class Action Fairness Act ("CAFA") 28 U.S.C. §1332(d)(2)(A) which would apply to plaintiff's state law claims. *See Thorpe v. Abbott Labs., Inc.,* 534 F. Supp. 2d 1120, 1124-1125 (N.D. Cal. 2008). Accordingly, the Court's Order of October 10, 2008 [Dkt. #54] is hereby MODIFIED so as to retain jurisdiction over plaintiff's state law claims.

Defendant also urges the Court to dismiss plaintiff's state law claims. Defendant argues that plaintiff's claims are entirely "predicated on" and inextricably linked to an alleged violation of the title insurance regulatory scheme. As such, defendant claims that plaintiff's common-law claims run afoul of some prohibition against private claims to enforce alleged violations of Washington's insurance regulatory scheme. *Citing Pain Diagnostics & Rehab. Assocs. V. Brockman*, 97 Wn. App. 691, 988 P.2d 972 (1999). The Court is not persuaded that the law prohibits plaintiff's state law claims and therefore **DENIES** defendant's motion to dismiss said claims.

Plaintiff's claims for money had and received (Count II) and unjust enrichment (Count III) do not seek relief under any Washington insurance statute, particularly those provisions implicating the filing of rates to be charged by title insurers. *See* RCW 48.29.140. These are well-recognized common-law theories of liability and plaintiff's complaint sets forth a factual basis in support of each claim. Nothing about the Washington insurance statute cited by defendant prohibits plaintiff from seeking relief pursuant to common law or, for that matter, statutory theories of liability. The regulations governing the rates charged by title insurance companies in Washington impose minimal oversight by the insurance commissioner and nowhere imply or suggest that private causes of action for the charging of excessive rates are prohibited or otherwise pre-empted. *See Blaylock v. First American Title Ins. Co*, 504 F. Supp. 2d 1091, 1102-1103 (W.D. WA. 2007).

Plaintiff's motion for leave to amend the complaint seeks to add two additional state law claims: breach of implied contract and violation of the Consumer Protection Act ("CPA"), RCW 19.86.010 et. seq. The proposed amended complaint also seeks to alter the precise allegations under RESPA that this Court earlier dismissed in its previous Order. The motion to amend is **GRANTED** as to the new state-law claims, but is **DENIED** as to any alteration or modification of the previously dismissed RESPA claim. The Court rejects defendant's argument that the amended complaint adds claims that are not viable. Under the

facts alleged in earlier pleadings, the Court is convinced that a claim for breach of implied contract and for violation of the CPA could survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Finally, the Court at this time declines to address plaintiff's standing to assert claims on behalf of individuals residing outside of Washington. Class Certification is logically antecedent to plaintiff's standing to assert claims on behalf of putative class members outside of Washington.

## **CONCLUSION**

Defendant's Motion to Amend the Order of October 10, 2008 is **GRANTED IN PART AND DENIED IN PART**. [Dkt. #55]. The Court will retain jurisdiction over plaintiff's state law claims pursuant to CAFA. The Court will not dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Motion for Leave to File Amended Complaint [Dkt. #57] is **GRANTED IN PART AND DENIED IN PART**. The complaint can be amended to add claims for breach of implied contract and violation of the CPA. The amended complaint must, however, assert the RESPA claim using the identical language used in the original complaint.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE