The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RICHARD KINGSBERRY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>    v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>                Defendant. | NO. C07-5706 RBL<br><br>STIPULATED PROTECTIVE ORDER |

WHEREAS, the proceeding in this action will involve the production or disclosure of confidential, proprietary, and commercially or personally sensitive information and/or documentation, and upon stipulation of the parties for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED:

    I.    The following definitions shall apply to this Order:

        A.    "Material" shall mean all documents, records, tangible materials, testimony, responses to discovery, and other information, produced, served, disclosed,

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

or filed after the date of this Order, including, without limitation, all copies, excerpts, and summaries in connection with this action.

B. "Confidential Material" includes information containing an individual's personal information, such as social security numbers and loan numbers, internal documentation that, if publicly disclosed, could lead to theft of trade secrets for Defendant or identify theft for an individual, and other material containing confidential, proprietary, or commercially sensitive financial, technical or business information. "Confidential Material" shall also include any "non-public personal information" that may be protected by privacy laws, including the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 – 6809, which information may be produced, subject to this Order, in response to discovery requests served in this action. The designation "Confidential Material" can further be applied to Material produced by a Party in this case before entry of this Order.

C. "Designator" shall mean any Party designating Material as Confidential Material. Any non-party from whom information or documentation is sought by subpoena or otherwise in connection with this action may become a Designator and provide the information or documentation subject to this Order if the non-party so requests in good faith.

D. A "Party" and the "Parties" shall mean Plaintiff Richard Kingsberry and/or Defendant Chicago Title Insurance Company ("Chicago Title"), its officers, directors, and employees and any other person added to the case as a party. Chicago Title may designate material as Confidential Material that it produces on behalf of itself, its parent company, subsidiaries, affiliated companies and their internal divisions.

E. "Counsel" shall mean in-house counsel or outside counsel who have

STIPULATED PROTECTIVE ORDER
No. C07-5706 RBL

2

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

entered an appearance for the Parties, members of their firms, associate attorneys, and paralegal, clerical, and other regular employees of such counsel assisting in the conduct of this action.

  F. "Approved Third Parties" shall mean copy services retained by Parties' counsel for the preparation of this action, certified court reporters, videographers transcribing or filming depositions or testimony involving such Confidential Material, and non-party witnesses who may be examined and may testify concerning Confidential Material if it appears on its face or from other Material that the witness is the author or recipient of such Confidential Material.

  G. "Independent Advisors" shall mean consultants and other experts retained by counsel and/or any Party to assist in the conduct of this action.

  II. Confidential Material shall be subject to the following restrictions:

  A. Confidential Material shall be used only for the preparation and trial of this action (including appeals) and for no other purpose, including (but not limited to) use in other legal actions, present or future. Confidential Material shall not be given, disclosed, summarized, described, characterized or otherwise communicated or made available to anyone except those specified in subparagraph II(B) of this Order, and any such disclosure is permitted subject to this Order and only to the extent reasonably necessary to prosecute and defend this action.

  B. Confidential Material may be disclosed, in accordance with paragraph III of this Order, only to:

   1. Counsel;

   2. The Parties;

STIPULATED PROTECTIVE ORDER
No. C07-5706 RBL

3

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

3. The Court, court personnel, court reporters, and jurors;

4. Independent Advisors;

5. Approved Third Parties;

6. Witnesses called to give testimony at deposition, trial or otherwise in this action; and

7. Any other person upon order of the Court or to whom the Designator and Parties agree in writing.

C. Any person to whom Confidential Material is produced shall maintain such Confidential Material in a secure location.

D. Pursuant to Local Civil Rule 26(c), Confidential Material used as exhibits to or incorporated in any other manner in briefs, memoranda, deposition transcripts or other documents filed with the Court shall be protected as follows: To the extent that any brief, memorandum, deposition transcript or other document submitted to the Court incorporates or refers to the substance of any information contained in any designated Confidential Material produced by another party or third party, the party filing such brief, memorandum, deposition transcript or other document or portion thereof shall file a motion or stipulation to seal pursuant to Local Civil Rule 5(g).

III. Approval for Access to Confidential Material

A. Each person to be given access to Confidential Material pursuant to this Order (except those identified in subparagraphs II(B)(1) and (3) of this Order) shall be provided with a copy of this Order and shall be told that: (1) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms of this Order; and (2) the violation of

STIPULATED PROTECTIVE ORDER  
No. C07-5706 RBL

4

STAFFORD FREY COOPER  
PROFESSIONAL CORPORATION  
601 Union Street, Suite 3100  
Seattle WA 98101.1374  
TEL 206.623.9900  FAX 206.624.6885

the terms of the Order may subject the person to punishment for contempt of a Court order.

B. Except as provided in paragraph C, below, any person given access to Confidential Material (except those identified in subparagraphs II(B)(1) (2) and (3) of this Order) must first read this Order, and acknowledge in writing, in the form attached as Exhibit A, that he or she is bound by this Order and subject to the jurisdiction of this Court for enforcement of this Order.

C. If Confidential Material is to be disclosed to a witness during a deposition or trial, the party seeking to protect the material may seek to obtain the witness's acknowledgement that he or she is bound by and subject to the terms of this Order and the Court's jurisdiction for purposes of enforcement of this Order, and the witness's consent may be made on the record and under oath, rather than in writing, and any objection may also be made orally. If the witness does not consent, the Confidential Material shall not be disclosed pending resolution of any objections..

D. Any Independent Advisor or non-party witness or employee, in addition to certifying that he or she has read this Order and manifests his or her assent to be bound thereby by signing Exhibit A, shall return all Confidential Material to the Party that retained him or her following the termination of his or her services in the litigation. Once a person has terminated services in this litigation, he or she will no longer be permitted access to Confidential Material unless he or she executed a new written acknowledgement, as expressed in Exhibit A. Individuals, including Independent Consultants, receiving or shown Confidential Material shall not be permitted to retain copies of the Confidential Materials.

STIPULATED PROTECTIVE ORDER
No. C07-5706 RBL

5

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900   FAX 206.624.6885

E. Nothing herein shall prohibit a Party, or its Counsel, from disclosing a document designated "CONFIDENTIAL" to the author or recipient of such document, or to a person who is a current officer, director, or employee of the same company as the author or recipient.

F. Each individual who receives any Confidential Material hereby agrees to subject himself or herself (a) to this Court's jurisdiction for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order, and (b) to the applicable provisions of the Federal Rules of Civil Procedure for the purposes of all discovery, including depositions, in this matter. The recipient of any Confidential Material that is provided under this Order shall maintain such information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with this Order's provisions.

IV. Confidential Material shall be designated as follows:

A. In the case of documents or other tangible Materials, such as videotape or computer diskettes, the documents and Materials are to be unobtrusively marked by the Designator as "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL," with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page or item containing Confidential Material.

B. All documents made available for inspection shall be treated as Confidential Material until copies are produced. Once specific documents have been selected for copying, any document containing Confidential Material may be marked before delivery to the Party who inspected and selected the documents.

No. C07-5706 RBL

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

C. A Party shall not waive the right to designate documents as Confidential Material by reason of making the documents available for inspection before they are copied and marked pursuant to this procedure. Such documents may be reviewed only by persons authorized to receive Confidential Material pursuant to this Order.

D. In the case of written discovery responses, designation may be made by placing the words "CONFIDENTIAL MATERIAL," with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page of any such response, or by serving responses containing such information in a separate document where the entirety of such response is to be designated.

E. In the case of depositions or other testimony, designation of the portion of the testimony (including exhibits) that contains Confidential Material shall be made by a statement on the record before the end of each day in which the testimony is concluded, or by a written statement sent to all counsel within 15 business days after receipt of the transcript of such testimony.

F. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material is permitted under Section II of this Order shall remain present while Confidential Material is being used or discussed, and the court reporter shall bind the transcript in separate portions containing the non-confidential material and Confidential Material. If, during the course of a deposition, the response to a question would require the disclosure of Confidential Material and unauthorized persons are present, the witness may refuse to answer for the Party whose Confidential Material would be disclosed. Counsel may instruct the witness not to

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Material have left the room.

G. The court reporter shall place the words "CONFIDENTIAL MATERIAL" on the cover of the relevant portions of the transcript.

H. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Material shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such report or videographer or shall be delivered to any attorney or record or filed under seal with the Court. The party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations.

V. Confidential Material shall be utilized and/or disclosed in trial or other court hearings or proceedings as allowed and/or determined by the Court.

VI. The Parties may challenge the designation of Confidential Material under certain circumstances.

A. No Party concedes that any material designated by any other person as Confidential Material contains trade secrets or non-public, commercial, financial, or business information, or has been properly designated as Confidential Material.

B. A Party may challenge a Designator's designation of "Confidential Material" at any time by making application to the Court that the Confidential Material

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

not be treated as such. In any such application to the Court, the burden of justifying any designation shall be on the Designator. Before seeking any relief from the Court under this Paragraph, the objecting Party and Designator shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document. A Party shall not be obligated to challenge the propriety of a "Confidential Material" designation at the time made, and a failure to do so does not preclude a subsequent challenge thereto. In the event a motion is filed pursuant to this paragraph, the Confidential Information in question shall remain subject to this Order, until the Court rules on the motion.

C. Any Designator may, at any time, withdraw the designation of "Confidential Material" for any or all of what it has designated as such.

D. This Order may be altered or modified only by agreement of counsel for all Parties in writing, including on a transcript or by the Court.

VII. If any information that a Party claims in good faith is "Confidential Material" is inadvertently disclosed to a receiving party without being properly designated as Confidential Material, the Designator may notify each receiving Party in writing as soon as reasonably possible after becoming aware that the Confidential Material was not properly designated. The notification shall identify with specificity the Material to be designated Confidential Material. Upon receipt of written notice as provided by this Order, the receiving Party shall mark the original and all known copies of the Material with the property designation and treat the information as "Confidential Material" under this Order. To the extent that protected information may have been

STIPULATED PROTECTIVE ORDER
No. C07-5706 RBL

9

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

disclosed to a person other than an authorized person, the Party shall inform the Designator and make every reasonable effort to retrieve the information and avoid any further disclosure to non-authorized persons.

    VIII.   Following the conclusion of this action, including any appeals, all Material designated as, or reflecting, Confidential Material and all copies of them (other than material filed with the Court), shall be returned by counsel for the receiving Party to counsel for the Designator or alternatively be destroyed with a certificate provided from the attorney of record certifying destruction.

    IX.   This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order through a period of thirty days following the return or destruction of Material as described in Paragraph VIII.

    X.   Each Party and person bound by this Order may move for modification of this Order for good cause on notice in writing to the Parties.

    XI.   Production or disclosure of Confidential Material under this Order shall not prejudice the right of any person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

    XII.   Nothing in this Order shall affect in any way the admissibility of any document, tangible thing, testimony, or other evidence at trial, nor shall it prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or evidence subject to this Order. Nothing in this Order shall prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery.

STIPULATED PROTECTIVE ORDER
No. C07-5706 RBL

10

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

XIII. If a person who has received Confidential Material is served with a document request, subpoenaed, or otherwise requested to disclose or allow access to such Confidential Material, that person shall: (i) give prompt written notice of that request to the Designator of that Confidential Material; (ii) object to the production of such Confidential Material on the grounds of the existence of this Order; and (iii) decline to produce such Confidential Material unless otherwise required by a court order.

XIV. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

    A. At the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired under any obligation of confidentiality; or

    B. At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.

XV. Nothing in the provisions of this Order shall prevent a conveying party from using its own Confidential Material in any manner such conveying Party desires.

XVI. This Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Material as that Party may consider appropriate.

XVII. In stipulating to this Order, no Party has waived any applicable privilege or work- product protection, and this Order shall not affect the ability of a Party to seek relief from inadvertent disclosure of material protected by privilege or work product

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

protection.

XVIII. No party to this action, by entering into this Order, by designating certain material as Confidential Material under this Order, or by acquiescing in any other Party's or third-party's such designation, admits anything relative to the confidential status and/or trade secret status of such information.

XIX. The Parties, by and through counsel, agree to be bound by the terms of this Order and stipulate that the Court may enter this Order in the form presented.

Respectfully submitted this 13th day of April, 2009.

| /s/ *Clifford Cantor* | /s/ *Ted Buck* |
|---|---|
| Clifford Cantor (WSBA #17893) | Anne M. Bremner (WSBA # 13269) |
| LAW OFFICES OF CLIFFORD A. CANTOR, P.C. | Ted Buck (WSBA # 22029) |
| | James R. Lynch (WSBA # 39274) |
| 627 208th Avenue SE | STAFFORD FREY COOPER |
| Sammamish, WA 98074 | 602 Union Street, Suite 3100 |
| Tel: (425) 868-7813 | Seattle, WA 98101-1374 |
| Fax: (425) 868-7870 | 206.623.9900 (tel.) / 206.624.6885 (fax) |
| One of the Attorneys for Plaintiff | One of the Attorneys for Defendant |

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**AGREED ORDER**

IT IS SO ORDERED.

Dated this 14th of April, 2009.

*[signature]*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
By:   /s/ Clifford A. Cantor, WSBA # 17893

-and-

STAFFORD FREY COOPER
By:   /s/ Ted Buck, WSBA #22029

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RICHARD KINGSBERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | NO. C07-5706 RBL |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

1. I have read the Protective Order, dated March ___, 2009, and entered in this action. I am familiar with the provisions of the Protective Order and acknowledge that I am bound to abide by them.

2. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action and understand that I may be found in contempt of Court if I violate that Order.

3. I understand and agree that my obligations under the Protective Order will survive and continue beyond the termination of this action.

_____
Signature

_____
Printed Name

No. C07-5706 RBL

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885