THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD KINGSBERRY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CHICAGO TITLE INSURANCE COMPANY,

    Defendant.

Civil No. 07-5706-RBL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel [Dkt. #79] production of documents concerning Defendant Chicago Title Company's operations in Oregon, Tennessee and Michigan. For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

### *Introduction*

Plaintiff alleges Defendant systematically overcharged classes of consumers in Washington, Oregon, Tennessee, and Michigan (hereafter "Class States") through a pattern of "reissue" rate abuse. Specifically, Plaintiff contends that the Defendant charged the full title insurance premium on refinanced mortgages when it was obligated to reissue the policy for approximately half the price. [Dkt. # 39 at 1].

ORDER - 1

Defendant has refused to produce documents from Oregon, Tennessee, or Michigan arguing that Plaintiff offers no evidence that Chicago Title systematically overcharged refinance borrowers for reissued title insurance policies in these states. [Dkt. #81 at 1].

Whether Plaintiff is entitled to pre-certification discovery in Oregon, Tennessee and Michigan depends on whether Plaintiff has made "a prima facie showing that the class action requirements of Fed. R.Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). See also *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

The Plaintiff must show that discovery is likely to produce substantiation of its class allegations in each of the states in order for the Court to grant the Motion to Compel.[1] [Dkt. # 79]. See *Lewis v. First American Title Ins. Co.*, 2008 WL 2266351 at *2 (D.Idaho 2008). This means the Plaintiff must provide evidence that would suggest the Defendant charged the full title insurance premium on refinanced mortgages in all of the Class States and that each state prohibits the Defendant from doing so.

*Discussion*

**A. Alleged Differences Between the Laws of the Class States Do Not Demonstrate that Class Certification is Unlikely**

The Plaintiff asserts that Washington, Oregon, Tennessee and Michigan have similar filed-rate structures governing the application of title insurance rates including those for

---

[1] A party seeking to certify a class must first demonstrate that it has met all four requirements of Federal Rule of Civil Procedure 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Rule 23(a) states that one or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In other words, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy.

ORDER - 2

refinance/reissue policies. [Dkt. #85 at 1-2,]. Plaintiff also alleges that common law claims for breach of contract and unjust enrichment are materially the same throughout the Class States. [*Id.* at 2]. The Defendant argues that there are substantial differences between the laws of the Class States that make class certification unlikely and should thus preclude pre-certification discovery. [Dkt. #81 at 7].

Courts have denied multi-state class certification when there are materially different standards of liability between the states. Differing legal standards may preclude the plaintiff from demonstrating questions of law common to the putative class or that plaintiff's claims are representative of the claims of the class. *Woodard v. Fidelity Nat'l Title Insurance Co.*, 2008 WL 5737364 at *4 (D.N.M. 2008); See also Fed. R. Civ. P. 23(a).

Other Courts have certified multi-state classes despite differing standards of liability.

> When a class action raises common issues of conduct that would establish liability under a number of states' laws, it is possible for those common issues to predominate and for class certification to be an appropriate mechanism for handling the dispute. *Steinberg v. Nationwide Mutual Insurance Company*, 224 F.R.D. 67, 79 (E.D.N.Y. 2004) (Citing *In re Buspirone,* 185 F.Supp.2d 363, 377 (S.D.N.Y. 2002).

The same Court held that "[t]he spectre of having to apply different substantive law does not warrant refusing to certify a class on ... common law claims." *In re LILCO Securities Litig.,* 111 F.R.D. 663, 670 (E.D.N.Y. 1986).

The Plaintiff asserts common law claims for breach of contract and unjust enrichment. The "prevailing case law holds that [. . .] breach of contract and unjust enrichment […] are universally recognized causes of action that are materially the same throughout the United States." *Singer v. AT&T Corp.*, 185 F.R.D. 681, 692 (S.D. Fla. 1998). The Court will permit

ORDER - 3

discovery in the Class States because Plaintiff asserts questions of law common to the Plaintiff and the rest of the putative class.

**B. Plaintiff Alleges Evidence Sufficient to Suggest Defendant Overcharged Reissue Rates In Oregon, Michigan, and Tennessee**

Plaintiff alleges that Chicago Title overcharged classes of consumers for title insurance in Oregon, Tennessee, and Michigan [Dkt. # 79 at 1]. The Defendant argues that the Plaintiff has failed to provide specific examples of alleged reissue rate abuse by the Defendant in these states.[2] The Plaintiff provides evidence of agreements between Chicago Title, the Department of Housing and Urban Development (HUD) and the Office of Thrift Supervision (OTS) involving allegations of abuse by Chicago Title similar to those that alleged here.[3] Plaintiff also proffers a Multi-state Settlement Agreement between Chicago Title and 25 different states (including putative Class State Tennessee) involving alleged violations of state and federal laws for reissue rate overcharging. [Dkt. # 79 Ex. L].[4]

The Plaintiff's evidence indicates that Chicago Title has systematically engaged in reissue rate abuse across the country. Evidence of systemic abuse has been considered by courts in similar multi-state litigation as a factor in determining the scope of pre-certification discovery. "Plaintiff has provided information that, for the limited purpose of analyzing this motion [to

---

[2] In its Motion to Compel, Plaintiff attaches the settlement agreement approved of by the District Court for the Eastern District of Michigan in *Lewerenz, et al. v. Chicago Title Insurance Co*,. [Dkt. # 79 Ex. I]. Yet this settlement agreement fails to demonstrate that putative class members in Michigan are subject to reissue overcharging by the Defendant.

[3] These agreements were with HUD and OTS and dealt only with federal violations of the Real Estate Settlement Procedures Act (RESPA)). [Dkt. #79 Ex. J and K]. Plaintiff originally brought a RESPA claim against the Defendant that was later dismissed by this Court on October 10, 2008. [Dkt. #54].

[4] The Multi-state Regulatory Settlement Agreement proffered by Plaintiff [Dkt. #79 Ex. L] curiously omits the signatures of those states that actually signed the agreement. Independent research indicates that 25 states and the District of Columbia are signatories. A full version of the document can be found at:
http://www.dora.state.co.us/Insurance/consumer/Supporting%20Documents/FNF%20settlement.pdf.

ORDER - 4

compel discovery in other states…], supports the allegation that First American Title has engaged in systematically charging its customers in excess of the published rates." *Lewis*, 2008 WL 2266351 at *3. "[To extend discovery], Plaintiffs … must demonstrate … that there are sufficient discrete events, or practices, in sufficient numbers of offices, to warrant an inference that the branch managers are acting pursuant to directives from national headquarters." *Tracy v. Dean Witter Reynolds, Inc.,* 185 F.R.D. 303 at 306 (D.CO. 1998).

The geographic scope of discovery in class action litigation is "subject to each trial court's discretion and ultimately depends on the facts of the case." *Lewis*, 2008 WL 2266351 at *3; See also *Tracy,* 185 F.R.D. at 305 ("[d]iscovery limitations are within the sound discretion of the court"). The Court holds that the Defendant's nationwide pattern of conduct is sufficient to indicate that discovery will likely produce substantiation of Plaintiff's class allegations in Oregon, Michigan and Tennessee.

**C. Plaintiff is Entitled to Pre-Certification Discovery of Information Sufficient to Identify Sample Files from the Class States and to a 30(b)(6) Witness for Each Class State**

Having demonstrated that discovery is likely to produce substantiation of class allegations, the Plaintiff is entitled to pre-certification discovery. The scope of the discovery will be limited, however, to prevent undue burden on the Defendant.

> [If] a case has not yet been certified as a class action, a request to compel discovery on a putative class is overly broad and unduly burdensome when "to comply, defendant would have to review an extremely large number of files in search of the responsive documents, and those responsive documents contain highly confidential personal and financial information of borrowers who are not parties to this case." *Bradford v. WR Starkey Mortgage, LLP*, U.S. Dist. LEXIS 60612, at * 4 (N.D. Ga. 2007). [Dkt. #81 at 3].

ORDER - 5

The Defendant has provided sufficient evidence to indicate that compliance with all of Plaintiff's requests would require a great deal of document gathering and data compilation. Permitting such sweeping discovery at this phase in the litigation would be unduly burdensome.

Plaintiff's motion to compel production of information sufficient to identify a representative sample of files from each of the Class States other than Washington [Dkt. #85 at 5] is GRANTED.[5] For each of these states, Chicago Title shall produce a random 10% sample of reported refinance lender title insurance policies from 2001 through 2008.[6] Plaintiff's motion to compel production of testifying witnesses for each Class State pursuant to Fed. R. Civ. P. 30(b)(6) [Dkt. #85 at 5] is also GRANTED.

*Conclusion*

Plaintiff's Motion to Compel [Dkt. #79] is GRANTED IN PART and DENIED IN PART. Defendant shall produce a limited but representative sample of refinanced title insurance policies as well as 30(b)(6) witnesses from each of the putative Class States of Oregon, Tennessee and Michigan.

```
IT IS SO ORDERED this 9th  day of September, 2009.
```

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff also seeks production of documents identifying the number of insurance and refinance policies that Chicago Title issued in Washington since 2001. [Dkt. #79 at 7]. Plaintiff does not dispute that the Defendant has already provided information in response to this request. Plaintiff's request for further information from Washington is DENIED.

[6] The sample information to be provided is the same type of information that was provided to Plaintiff for Washington State on Jun 18, 2009. [See Dkt. #82 at 1]